# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| CONTINENTAL TIRE NORTH AMERICA, INC. and EXEL INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 3:05-CV-00231 |
| v. | ) ) | |
| TRANSPORTATION SOLUTIONS, INC., | ) ) ) | |
| Defendant. | ) | |

## CONSENT CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

IT APPEARING that the Parties wish to maintain the confidentiality of certain information and documents obtained through discovery in this action; and

IT FURTHER APPEARING that Counsel for the Parties have consented hereto.

NOW, THEREFORE, subject to a final order of the Court regarding the final disposition of protected materials, it is hereby ordered that pursuant to Rule 26(c)(7), the following conditions shall govern the use of information and documents disclosed by all parties and any third-parties in this action:

(a) Only documents, information, or testimony, copies, summaries, reproductions of any item herein, containing trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, business strategy, production data, matters relating to mergers and acquisitions, non-public information that a party generally treats in a confidential or proprietary manner or is bound by contract or by law to keep confidential, information that the party considers competitively sensitive or private, and data which touch upon the topic of price

may be designated "confidential" and treated as "Confidential Information." Such Confidential Information, if contained in documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word "confidential" on each page or by written notice to counsel for the opposing party including a description of materials to be designated as Confidential Information.

(b) In the event materials are produced herein which, in a party's opinion, should have been, but were not, designated as confidential such party may designate such material as confidential by notifying counsel for all parties of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such materials as Confidential Information and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents been designated as confidential to begin with.

(c) If any party believes that information not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for compelling reasons.

(d) Confidential Information shall be shown only to the attorneys, the parties, the parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit and may be utilized solely for the purpose of this action and for no other purpose. Except for the law firms for the parties and in-house attorneys for the parties, all of whom are nevertheless still bound by this Order, each person, including such persons recording testimony, who is permitted to see or discuss Confidential Information shall first be shown a copy of this Order, shall further be advised of the

obligation to honor the confidentiality designation and shall acknowledge such obligation in writing in the form attached as Exhibit "A." Nothing in this Order shall restrict a party or any person or entity from use of his, her, or its own Confidential Information for any purpose.

(e) If a party believes that information designated as Confidential Information, or sought to be designated as Confidential Information, by the producing party does not warrant such designation, it shall first make a good faith effort to resolve said dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such a designation is proper.

(f) At the time of deposition or within twenty (20) days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential information under the standards set forth in paragraph (a) above. This designation shall be in writing and shall be served upon all counsel. No objection shall be interposed at the deposition that an answer would elicit confidential information. Deposition testimony will be treated as confidential from the time that the testimony is given until twenty (20) days after receipt of the deposition transcript if no confidential designation is assigned to the testimony during this period. Thereafter, any portions of a deposition transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. In the event that a party wishes to use information or documents designated as confidential in any document, pleading or deposition transcript filed in pre-trial proceedings, such document, pleading or transcript (or the part thereof containing Confidential Information) shall be filed under seal and maintained under

seal by the Court, subject to further order.

(g)  In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(h)  Upon termination of this action, any recipient of Confidential Information in documentary or electronic form shall return such information to the producing party or destroy it and provide written confirmation to the producing party that such information has been destroyed.

(i)  The inadvertent production of documents or information subject to the attorney-client privilege, the work product doctrine, or any other privilege or doctrine ("privilege") will not waive the privilege.  This Order shall not, however, prevent any party from moving to compel production of privileged information on any other grounds other than inadvertent production of privileged information.  Upon the request of a party that has inadvertently produced any information that it believes to be privileged information, any party receiving such information shall immediately return it to the producing party, and shall not utilize such information for any purpose, including use in this action.

Signed: March 1, 2006

Graham C. Mullen
United States District Judge

/s/     Douglas M. Jarrell
_____
djarrell@rbh.com
Douglas M. Jarrell, Esq.
Scott W. Gaylord, Esq.
Robinson, Bradshaw & Hinson, P.A.
101 Tryon Street, Suite 1900
Charlotte, NC 28246-1900

**Attorneys for Continental Tire North America, Inc.**

/s/     Emerson M. Thompson III
_____
emt@cshlaw.com
Emerson M. Thompson, III, Esq.
Todd A. King, Esq.
Cranfill, Sumner & Hartzog, L.L.P.
P.O. Box 30787
Charlotte, NC 28230-0787

**Attorneys for Exel, Inc.**

/S/     Adam S. Katz
_____
akatz@wcsr.com
R. Wayne Bond
GA State Bar No. 066759
Adam S. Katz
GA State Bar No. 408861
Suite 3500, 1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 888-7410 direct phone
(404) 870-4834 direct fax

Stanley B. Green
NC State Bar No. 25539
One Wachovia Center, Suite 3500
301 South College
Charlotte, NC 6037
(704) 331-4986 direct phone

**Attorneys for Transportation Solutions, Inc.**

# EXHIBIT "A"

## Acknowledgment of Protective Order and Agreement To Be Bound

_____ states as follows:

1. That s/he resides at _____
   in the City and County of _____
   and State of _____;

2. That s/he has read and understands the protective order dated _____,
   entered in the _____ litigation;

3. That s/he

   (a) is engaged as a consultant or expert, or

   (b) has been interviewed by _____ on behalf of
       _____ in the preparation and conduct
       of case no. _____;

4. That s/he agrees to comply with and be bound by the provisions of the protective order;

5. That counsel who has retained or consulted with her/him has explained the terms thereof;

6. That s/he will not divulge to persons other than those specifically authorized by paragraph 2 of the protective order, and will not copy or use, except solely for purposes of this litigation, any confidential document or information as defined by the protective order, except as provided therein.

_____
Name of person to whom disclosure is made

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| CONTINENTAL TIRE NORTH AMERICA, INC. and EXEL INC., ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION FILE NO. 3:05-CV-00231-K |
| v. ) ) | |
| TRANSPORTATION SOLUTIONS, INC., ) ) ) | |
| Defendant. ) | |

The undersigned hereby certifies that a true and correct copy of the within and foregoing **CONSENT CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** was electronically filed with the Clerk of Court using the CM/ECF system and has been served this date by U.S. mail with adequate postage affixed thereon upon:

| | |
|---|---|
| Douglas M. Jarrell, Esq. | Emerson M. Thompson, III, Esq. |
| Scott W. Gaylord, Esq. | Todd A. King, Esq. |
| Robinson, Bradshaw & Hinson, P.A. | Cranfill, Sumner & Hartzog, L.L.P. |
| 101 Tryon Street, Suite 1900 | P.O. Box 30787 |
| Charlotte, NC 28246-1900 | Charlotte, NC 28230-0787 |
| | |
| ATTORNEYS FOR CONTINENTAL TIRE NORTH AMERICA, INC. | ATTORNEYS FOR EXEL, INC. |

This 27th day of February, 2005.

/S/ Adam S. Katz
_____
akatz@wcsr.com
Adam S. Katz
GA State Bar No. 408661

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, Georgia 30309